Argued February 4, affirmed February 26, 1953

## SHRINER *v.* SHRINER
### 253 P. 2d 641

*William A. Stockman,* of Portland, argued the cause for appellant. With him on the brief were Joseph J. Labadie and Albert F. Knight of Portland.

*Jonathan Edwards,* of Portland, argued the cause for respondent. On the brief were Collier, Bernard, Bernard & Edwards, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the defendant, John Shriner, from an order entered by the Circuit Court, Department of Domestic Relations, April 24, 1951. The order modified a decree of divorce entered June 18, 1948, by awarding the plaintiff, Myrtle Shriner, now Myrtle Martin, the general custody of Della and Sylvia Shriner, daughters of the parties. The daughters were born on April 18, 1943, and February 14, 1945, respectively. The order granted the defendant the right to visit the children at reasonable times and to have them visit him in his home during periods specified in it. It directed him to pay $30 per month to the plaintiff for the children's support.

The defendant presents these assignments of error:

1. "The Court erred in granting plaintiff-respondent's motion, and awarding custody of the minor children to her."

2. "Change of custody from father, defendant-appellant, to mother, plaintiff-respondent, is not for the welfare or best interests of the children."

The decree of June 18, 1948, granted the defendant a divorce from the plaintiff and awarded the custody and control of the children to the defendant, subject to a provision which entrusted the children's actual care to their maternal and paternal grandparents in alternating periods of six months. The custody provision was subject to a clause which said:

"Conditions will probably change before the matter of the children's continuous schooling becomes a paramount consideration, and this issue may, upon proper proceedings, be then reconsidered."

November 9, 1949, the plaintiff moved for a modification of the custody provision, and November 28, 1949, the defendant filed a motion of like kind.

From November 9, 1949, when the plaintiff filed her motion, until April 24, 1951, when the challenged order was entered, the Honorable Donald E. Long, Judge of the Circuit Court, Department of Domestic Relations, conducted a series of hearings for the purpose of acquainting himself with the parties, the children, the homes of the parents and other circumstances bearing upon the two motions. He displayed commendable firmnes in becoming informed before he ruled. The home of the plaintiff and her present husband is in Portland. The defendant's home is in Umatilla. He has remained unmarried and the two small daughters were living with him alone when the plaintiff filed her motion. A score or so of affidavits were presented to the court and the series of hearings which we have mentioned were held. Welfare workers of the Department of Domestic Relations and other welfare workers in the employ of the Umatilla County Public Welfare Commission made investigations and surveys of the circumstances pertaining to the two motions. The investigations were conducted with the consent of the parties and their results were entered in the record. Not until all of the foregoing had been done was the challenged order entered.

We deem it unnecessary to set forth herein a review of the record. In the main, it indicates that the defendant, a good man, does not believe that his former wife has the character and steadfastness of purpose which will enable her to rear the children into worthy womanhood. She, in turn, criticizes his strictness in disciplinary matters and questions his ability to play the dual part of father and mother. From the fore-

going, it is seen that the matter was pending before the court for virtually a year and a half, in the course of which it received the assiduous attention of a judge schooled by long experience in the handling of similar problems. We are aware of no reason for believing that the experienced trial judge ruled erroneously upon any fact issue.

The principles of law applicable to this appeal are simple and have been many times stated and re-stated by this court. A change in circumstances affecting children may warrant a change in the custody order: *Kellogg v. Kellogg,* 187 Or 617, 213 P2d 172. The rule which determines custody is the best interests of the children: *Goldson v. Goldson,* 192 Or 611, 236 P2d 314, and *Goldson v. Goldson,* 187 Or 206, 210 P2d 478. We are satisfied that a sufficient change occurred in the attendant circumstances to warrant the circuit court in considering the motion filed by the plaintiff. We cannot say that the circuit court abused its discretion when it found that the best interests of these two girls of tender years would be promoted by awarding their custody to their mother. Its attached order which made the modification is, in our belief, without error. In so saying we cast no adverse reflection upon the character of the father.

The order of the circuit court is affirmed.